

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL DUNSMORE, | ) | CV 09-41-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN S. LAW; ATTORNEY GENERAL of the STATE of MONTANA, | ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Michael Dunsmore filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on June 15, 2009. He recommended dismissing Dunsmore's petition. Petitioner received an extension of time to file objections, and he timely objected on July 6, 2009. Therefore, Petitioner is entitled to de novo review of

those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be restated here.

Dunsmore's lengthy objections merely restate the arguments in his petition, and, as Judge Lynch correctly found, they have no merit. A large portion of his objections address his argument that convicting him for failure to register as a sexual offender in Montana violated a "contract" he had with the State of Washington, where he pled guilty to a sexual offense. However, as Judge Lynch stated, regardless of where Dunsmore was convicted, Montana law required him to register as a sexual offender because of his prior conviction when he became a Montana resident. Mont. Code Ann. § 46-23-502(3)(a) (1989). He is also required to continue registering for his lifetime based on amendments to the registration requirements passed by the Montana legislature in 1995. Mont. Code Ann. § 46-23-506(1) (1995). As the Montana Supreme Court has held, the registration requirements do not violate the ex post facto clause of the Constitution

and may be applied retroactively to offender who were under supervision of the department of corrections after 1989. State v. Mount, 78 P.3d 829, 832 (Mont. 2003). Dunsmore was under supervision after 1989 for crimes he committed in Montana. Therefore, Montana law places on Dunsmore the obligation of lifetime registration. It is irrelevant that the sexual offense was committed in Washington and not Montana.

Dunsmore objects to Judge Lynch's finding that the Montana Board of Pardons and Parole ("the Board") could consider the incest charges that were filed against Dunsmore when he was charged with failure to register. Dunsmore asserts there was no support for the incest charge and the dismissal of the charge established that it was false. However, this mischaracterizes the information filed against him and the nature of the state plea agreement. Contrary to Dunsmore's objections, when the state district court judge granted the prosecutor leave to file the information, the judge made the required factual determination that probable cause supported the information. See Gerstein v. Pugh, 420 U.S. 103, 117-18 (1975). Dunsmore was not entitled to any additional process before the information was filed, nor was he entitled to a hearing on the matter. Id. at 119. In addition, the incest charge was dismissed without prejudice, and the plea agreement deferred prosecution on that charge. Thus, there was no determination

that the charges were false or factually unsupported. As Judge Lynch noted, the Board is not limited to making parole decisions based on a crime of conviction or facts proved beyond a reasonable doubt. The Board has wide latitude to consider various factors. Mont. Code Ann. § 46-23-201(5) ("A prisoner may be placed on parole only when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen."). Further the Board need only have "some evidence" to support its decision not to grant parole. Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2001). It was not a violation of Dunsmore's rights for the Board to consider the dismissed charges, among other factors, in deciding not to grant him parole.

Dunsmore also raises Fifth Amendment challenges, both as to his right against self-incrimination and the prohibition on double jeopardy. He argues the Board had no authority to require him to undergo a polygraph examination, and that the Board attempted to compel him to incriminate himself for crimes he did not commit. As Judge Lynch found, the Board is not constrained to reviewing only evidence that is admissible at trial. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7-10 (1979). The Board acted within its power when it ordered a polygraph examination. He also argues the Board attempted to compel him to incriminate himself by reclassifying him to a higher custody level.

However, the U.S. Supreme Court has concluded that reclassification after rejection from a sexual offender treatment program is not a violation of federal law. McKune v. Lile, 536 U.S. 24, 39-40 (2002).

Dunsmore argues he is being subjected to double jeopardy because the Board is punishing for the offense committed in Washington by requiring completion of sexual offender treatment. However, as stated above, the Board has broad power to determine if and when parole is appropriate. Dunsmore was not being tried again for the same offense by being directed to complete treatment, and there is no legal support for his argument that he has been subjected to double jeopardy.

Dunsmore challenges the tier level designation regarding his likelihood to commit another sexual offense. He argues it was arbitrarily assigned and could have been imposed only as part of his sentence in Washington or Montana. However, Montana law gives the department of corrections authority to designate an offender's tier level. Mont. Code Ann. § 46-23-509.

The remaining objections criticize the fairness of the this process or deny any past wrongdoing on his part. His assertions have no merit: the record is clear that he has a past conviction for a sexual offense in Washington. Further, his criticisms of the Court as biased have no basis in fact. I find no clear error in

Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #9) are adopted in full. The Petition (dkt # 1, 6, 8) is DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is direct to enter, by separate document, a judgment in favor of Respondents and against Dunsmore.

Dated this 14th day of July, 2009.

Donald W. Molloy, District Judge
United States District Court